**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Enrique Ulises Ballesteros-Corral,  ) | CASE NO. CV-05-0740-TUC-FRZ |
| ) | CR-04-1797-TUC-FRZ |
| Petitioner,  ) | |
| ) | **ORDER** |
| vs.  ) | |
| ) | |
| United States of America,  ) | |
| Respondent.  ) | |

Petitioner has filed a Motion "to Vacate, Set Aside or Modify and Correct Sentence by a Person in Federal Custody, under Title 28 U.S.C. §§ 2255."

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, in relevant part, that

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

28 U.S.C. foll. § 2255.

**Background**

Petitioner entered a plea of guilty to Counts One and Two of the Indictment. Count One charged him with knowingly and intentionally importing cocaine into the United States, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) and (b)(1)(B)(ii). Count Two charged him

with knowingly and intentionally possessing cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)(II).

At sentencing, the Court reduced Petitioner's Adjusted Offense Level by 3 levels because Petitioner met the safety valve requirements in United States Sentencing Guideline (U.S.S.G.) § 5C1.2. The Court reduced Petitioner's Adjusted Offense Level by an additional 3 levels because of Petitioner's acceptance of responsibility. The Court imposed a sentence of seventy-eight months.

## Discussion

### A. Ineffective Assistance of Counsel

#### 1. Ineffective Assistance in Plea Agreement

It appears that Petitioner may be asserting a claim of ineffective assistance of counsel relating to his decision to plead guilty. Petitioner alleges that "defense counsel misrepresented and misadvised the plea to defendant about the condition of his plea bargain, specifically inquired by defendant, in as much as counsel knew that defendant's whole behavior and guilty plea was structured to avoid a plea agreement that would not result in a long sentence or a prison time" and that Petitioner "rel[ied] on counsel's advice [and] pleaded guilty to the charges."

When a defendant is represented by counsel during the plea process and pleads guilty based upon the advice of counsel, the defendant can "'only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel'" was outside "'the range of competence demanded of attorneys in criminal cases'" **and** was prejudicial. *Hill v. Lockhart*, 474 U.S. 52, 56-59, 106 S. Ct 366, 369-70, 88 L. Ed. 2d 203 (1985) (quoting *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973), and *McMann v. Richardson,* 397 U.S. 759, 771, 90 S. Ct. 1441, 1449, 25 L. Ed. 2d 763 (1970)). "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S. Ct. at 370.

1 Petitioner does not specify what advice counsel gave that fell outside the range of 2 competence for criminal attorneys. In addition, there was no plea agreement in this case and, 3 therefore, it is unclear how counsel "misrepresented and misadvised the plea to defendant 4 about the condition of his plea bargain." Accordingly, Petitioner's claim fails. *See Pollard* 5 *v. White*, 119 F.3d 1430, 1435 (9th Cir. 1997) (Court "do[es] not have to evaluate both 6 prongs of the [*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 7 (1984)] test if the defendant fails to establish one.").

### 2.     **Ineffective Assistance at Sentencing**

#### a.     **Aberrant Behavior**

Petitioner alleges that his counsel was ineffective at sentencing because his attorney failed to request a downward departure based on Petitioner's aberrant behavior.

To prevail on a claim of ineffective assistance of counsel, Petitioner must show both that his counsel's representation fell below an objective standard of reasonableness **and** that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).

Petitioner was not entitled to a downward departure based on his aberrant behavior. Under U.S.S.G. § 5K2.20(c)(3), the Court *cannot* depart downward based on aberrant behavior if the offense is a "serious drug trafficking offense." The Sentencing Commission defines a "serious drug trafficking offense" as "any controlled substance offense under title 21, United States Code, other than simple possession under 21 U.S.C. § 844, that provides for a mandatory minimum term of imprisonment of five years or greater, regardless of whether the defendant meets the criteria of § 5C1.2 . . . ." U.S.S.G. § 5K2.20 n.1.

Petitioner was charged with, and pled guilty to, a serious drug trafficking offense. *See* 21 U.S.C. § 960(a)(1) and (b)(1)(B). Therefore, he was not entitled to a downward departure based on his aberrant behavior. The Court specifically stated at sentencing that Petitioner did not qualify for this departure because of the amount of drugs involved and Petitioner's "open admission that he had done this once before." Petitioner's attorney's failure to request

- 3 -

this departure did not prejudice the defense. *See Strickland.* Thus, this claim of ineffective assistance of counsel fails. *See Pollard.*

### b.   Deportable Alien Status

Petitioner alleges that his counsel was ineffective at sentencing because his attorney failed to request a downward departure based on Petitioner's status as a deportable alien.

First, the Court was well aware at sentencing of Petitioner's status as a deportable alien. Even if Petitioner's attorney had made the argument that the Court should depart downward based on Petitioner's status as a deportable alien, this Court, in its discretion, would not have departed downward. *See Lizarraga-Lopez v. United States*, 89 F. Supp. 2d 1166, 1170 (S.D. Cal. 2000) (concluding that defendant's "status as a deportable alien was squarely within the 'heartland' of the Sentencing Guidelines and was specifically accounted for in the early release statute"); *United States v. Martinez-Villegas*, 993 F. Supp. 766, 781 (C.D. Cal. 1998) (denying downward departure based on deportable alien status and noting that "the Ninth Circuit has shown a reluctance to allow deportability status as a basis for a downward departure"); *cf. United States v. Davoudi*, 172 F.3d 1130, 1133-34 (9th Cir. 1999) (upholding district court's discretionary decision not to depart downward based on deportable alien status).

Second, Petitioner notes that a "Memorandum to all Prosecutors (Federal)" dated April 28, 1995, instructs federal prosecutors to recommend a one or two level downward departure "in exchange for alien's concession of deportability." Petitioner has presented no evidence that he agreed to accept a final deportation order. Nor does he address whether the United States Attorney for this District has chosen to make a downward departure recommendation in exchange for a such an agreement, or whether this ten-year-old memorandum is still in effect.

Finally, to the extent Petitioner may be asserting an equal protection argument when he asserts that "he will be confined to a higher security than a comparable American counterpart on accounts of factors unrelated to moral worthiness and be subjected to more

1 severe punishment" because he "does not qualify for the BOP Drug Rehabilitation Program" 2 and is required to spend "the last 10% of his sentence [in a deportation center rather than in] 3 minimum security confinement," the Court notes that the Ninth Circuit Court of Appeals 4 rejected Petitioner's argument in *McLean v. Crabtree*, 173 F.3d 1176 (9th Cir. 1999). In that 5 case, the Ninth Circuit found that there was no equal protection violation and held that 6 "excluding prisoners with detainers from participating in community-based treatment 7 programs, and consequently from sentence reduction eligibility, is at least rationally related 8 to the BOP's legitimate interest in preventing prisoners from fleeing detainers while 9 participating in community treatment programs." *Id.* at 1186.

10 Because Petitioner's counsel's failure to seek a downward departure based on 11 Petitioner's deportable alien status did not prejudice the defense, this ineffective assistance 12 claim fails. *See Pollard*.

14         **c.**    **Early Disposition**

15 Petitioner contends his attorney was ineffective because his attorney failed to seek a 16 downward departure pursuant to U.S.S.G. § 5K3.1 based on Petitioner's compliance with an 17 "Early Disposition" program.

18 A request for a downward departure pursuant to § 5K3.1 must come from the 19 government, not defense counsel. *See* U.S.S.G. § 5K3.1 ("*Upon motion of the Government*, 20 the court may depart downward . . . pursuant to an early disposition program . . . .") 21 (emphasis added). Because Petitioner's attorney's failure to seek a downward departure 22 based on U.S.S.G. § 5K3.1 did not prejudice the defense, this ineffective assistance claim 23 fails. *See Pollard*.

24 **B.**    **Blakely**

25 Petitioner contends that he is entitled to a downward departure based on *Blakely v.* 26 *Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), stating that "[t]he 27 Ninth Circuit Court has held that clarification by **Blakely** applies the **Aprendi** limitation to 28 **Enhancement** of Guidelines Sentencing ranges."

- 5 -

The Supreme Court in *Blakely* applied its prior holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000): "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 301, 124 S. Ct. at 2536.  Petitioner has not identified how *Blakely* impacts his sentence.

**Conclusion**

In light of the foregoing,

**IT IS ORDERED** that Petitioner's § 2255 Motion (U.S.D.C. document #38 in CR-04-1797-TUC-FRZ) is **DENIED** and this case (CV-05-740-TUC-FRZ) is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SERVE** a copy of the Motion and this order on Respondent and **SHALL SERVE** a copy of this order on Petitioner.

DATED this 5th day of January, 2006.

FRANK R. ZAPATA
United States District Judge